FILED
United States Court of Appeals
Tenth Circuit

May 24, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EFRAIN CARDENAS-TAFOYA,

      Petitioner,

v.

ERIC H. HOLDER, JR., Attorney
General of the United States,

      Respondent.

No. 10-9568
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**,
Senior Circuit Judge.

---

     Petitioner Efrain Cardenas-Tafoya, born in Mexico, was admitted to the

United States as a lawful permanent resident in 1988. In 2005, he was convicted

in Colorado state court of conspiracy to distribute or manufacture a controlled

substance and sentenced to seven years in prison. Upon his release from custody

in 2010, the Department of Homeland Security commenced removal proceedings,

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

charging him with removability as an alien convicted of an aggravated felony, namely, trafficking in a controlled substance. An immigration judge (IJ) ordered Mr. Cardenas-Tafoya removed to Mexico on that basis.[1]

Mr. Cardenas-Tafoya was represented by counsel during the removal proceedings but thereafter retained new counsel. The new attorney filed a motion to reopen with the IJ, asserting that the prior attorney provided ineffective assistance of counsel in failing to investigate and present any defense, that Mr. Cardenas-Tafoya was entitled to derivative U.S. citizenship because his father was a U.S. citizen, and that Mr. Cardenas-Tafoya's conviction was not an aggravated felony. The IJ issued a ruling on July 9, 2010, denying the motion. The IJ concluded that "the record shows conclusively that [Mr. Cardenas-Tafoya] is deportable for the drug trafficking offense." Admin. R. at 25. The IJ also concluded that Mr. Cardenas-Tafoya's evidence of his claim to derivative citizenship was insufficient to overcome the government's evidence that his father was not a U.S. citizen. The government's evidence included a contemporaneous birth certificate showing that Mr. Cardenas-Tafoya's father was born in Mexico, and evidence that the State Department, after an extensive fraud investigation, had posthumously revoked a 1984 passport his father had obtained based on

---

[1] Although Mr. Cardenas-Tafoya reserved appeal of the IJ's removal order, he never filed one.

misrepresenting himself as a U.S. citizen. The IJ did not separately address the ineffective assistance claim.

On July 14, 2010, five days after the IJ's decision, Mr. Cardenas-Tafoya was removed to Mexico. He filed an appeal of the IJ's decision with the Board of Immigration Appeals (BIA). The BIA received the appeal on August 11, 2010. The BIA dismissed the appeal for lack of jurisdiction on the ground that it was received two days beyond the 30-day limit set out in 8 C.F.R. § 1003.38(b). The BIA also determined that because Mr. Cardenas-Tafoya had been removed prior to filing the appeal, it lacked jurisdiction under 8 C.F.R. § 1003.3(e), which provides that "[d]eparture from the United States of a person who is the subject of deportation proceedings, prior to the taking of an appeal from a decision in his or her case, shall constitute a waiver of his or her right to appeal." In addition, the BIA "separately note[d]" that the evidence Mr. Cardenas-Tafoya submitted with his motion to reopen "in support of [his] derivative citizenship claim was insufficient to warrant reopening for the reasons set forth by the [IJ]." Admin. R. at 6.

Mr. Cardenas-Tafoya next filed this timely petition for review. In his briefs, however, he has not contested either of the jurisdictional bases for the BIA's dismissal of his appeal. Instead, he argues the merits of the three claims he presented to the IJ. But to the extent the BIA addressed the merits of appeal, it did so in the alternative; the BIA's jurisdictional rulings were independent

grounds for dismissing the appeal.  By not contesting those dispositive rulings,

Mr. Cardenas-Tafoya has forfeited his right to appellate review of them.  *See*

*Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (explaining that "the

omission of an issue in an opening brief generally forfeits appellate consideration

of that issue").  Accordingly, without expressing any opinion on the propriety of

the BIA's rulings, we DENY the petition for review.

Entered for the Court


Bobby R. Baldock
Circuit Judge
